# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ROOSEVELT CAYMAN ASSET COMPANY II**,
    Plaintiff,

v.

**PATRICIA MONTALVO CUSTODIO,
JULIO CESAR SANTOS MONTALVO**,
    Defendants.

Civil No. 15-2674 (BJM)

## OPINION AND ORDER

Roosevelt Cayman Asset Company II ("Roosevelt") sued Patricia Montalvo Custodio ("Montalvo") and Julio Cesar Santos Montalvo ("Santos") (collectively "Defendants") to collect on a mortgage note, or on default foreclose on the mortgage property. Dkt. 1. Roosevelt now moves for summary judgment against Defendants. Dkt. 41. Defendants have not opposed. This case is before me on consent of the parties. Docket No. 32. For the reasons laid out below, Roosevelt's motion for summary judgment is **GRANTED**.

## BACKGROUND

This summary of the facts is guided by Roosevelt's Local Rule 56[1] statement of uncontested facts, which has not been contested by the defendants. *See* Docket No. 41-1 ("SUF").

Roosevelt is a Cayman Islands corporation, with principal place of business in New York. SUF ¶ 1. Defendants are residents and citizens of Puerto Rico. SUF ¶ 2. On June 23, 2004, for value received, Montalvo subscribed, signed, and delivered a mortgage note in Puerto Rico payable to RG Premier Bank of Puerto Rico, or to its order, for the principal amount of one hundred forty-eight thousand five hundred dollars ($148,500.00) with an interest rate of 6.75% per annum,

---

[1] Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007). The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril." *Id.*

secured by a first mortgage constituted by deed. SUF ¶ 3, Docket No. 41-3 "Exhibit A," Docket No. 41-4 "Exhibit B." The mortgage was executed upon an apartment registered in the Registry of Property of Rio Piedras Sur, Section IV of San Juan, Puerto Rico, that is:

> ---**URBANA:** PROPIEDAD HORIZONTAL: Apartamento 2-B. Está situado en el nivel 2 en la esquina Suroeste del edificio saliendo de los elevadores en dirección Sur. Es de forma irregular y puede ser enmarcado en un rectángulo que mide de ancho 40'9½" por 43'1½" de profundidad y que suman un área total de 1,581.94 pies cuadrados, equivalentes a 146.97 metros cuadrados. En lindes por el NORTE, con parte del corredor de acceso, ducto de ventilación mecánica área dedicada a sub-estación eléctrica y espacio sobre terrenos del propio condominio y de uso común, por su frente SUR, con espacio sobre terreno del propio edificio y de uso común; por el ESTE, con corredor de acceso, pared medianera que lo separa del apartamento 2-C y espacio sobre patio semi-interior; por el OESTE, con espacio sobre terrenos del propio condominio y de uso común. Este apartamento está formado por un pequeño vestíbulo, sala-comedor, con balcón mirando hacia el Oeste, pasillo interior en forma de "L", cuatro (4) dormitorios con sus respectivos closets, dos (2) baños, linen closet y cocina, lavandería con closet despensa y closet de útiles de limpieza ---------------
> ---Le corresponde el espacio de estacionamiento marcado con el numero 2-B.---- 3
> ---Inscrita al folio 141 del tomo 293 de Rio Piedras Sur, Registro de la Propiedad de Puerto Rico, Sección IV de San Juan.--------

SUF ¶ 4, Docket No. 41-5 "Exhibit C." Santos appears in the Registry as the owner of the mortgaged property. SUF ¶ 6, Docket No. 41-5 "Exhibit C." Roosevelt is at present the owner and holder of the note and mortgage deed. SUF ¶ 5.

Montalvo breached the loan repayment obligations by failing to make the agreed upon payments. SUF ¶ 10. Montalvo owes Roosevelt the sum of $147,712.58 in principal plus accrued interest at the rate of 6.75% per annum (which continues to accrue until full payment of the debt is made), accrued late charges, and any other advance, charge, fee or disbursements made by Roosevelt on behalf of Montalvo in accordance with the mortgage deed, plus costs, and ten percent attorneys fees. *Id*. The parties have not been able to reach an agreement to settle the amounts demanded in the complaint. SUF ¶ 9.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute is "one that could be resolved in favor of either party." *Calero-Cerezo*

*v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of "informing the district court of the basis for its motion" [by] identifying the evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The court does not act as trier of fact when reviewing the parties' submissions and may not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon" conflicting evidence. *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). Rather, it must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). In so doing, the court may consider materials in the record that neither party cites. Fed. R. Civ. Pro. 56(c)(3). The court may consider grounds not raised by either party as well as "identify[] for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. Pro. 56(f)(3). The court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## DISCUSSION

Roosevelt argues that it is entitled to summary judgment against defendants for the amounts detailed in the complaint, or on default for the forced sale of the mortgaged property. Docket No. 1, 41. Roosevelt's motion for summary judgement is unopposed on the merits. "But even an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *CitiMortgage, Inc. v. River-Anabitate*, 39 F. Supp. 3d 152, 154 (D.P.R. 2014) (citing *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 13 (1st Cir. 2007)).

Puerto Rico law governs this diversity action. Under Puerto Rico law, "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance

with their stipulations." P.R. Laws Ann. tit. 31, § 2994. A mortgage is defined as an "obligation secured by real property that is duly recorded in the Property Registry." P.R. Laws Ann. tit. 13, § 30294. As Judge Pieras explained:

> [I]t is important to distinguish between the actual debt and the mortgage.
>
> Any given debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor. These proceedings will be filed against the debtor and the prayer for relief is limited to money. The mortgage, on the other hand, is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt.

*Chicago Title Ins. Co. v. Sotomayor*, 394 F. Supp. 2d 452, 460 (D.P.R.2005). "A secured creditor may take legal action to collect on a debt and enforce the plege if not timely satisfied." *DLJ Mortg. Capital, Inc. v. Jesus-Santa*, No. 15-1596 (BJM), 2016 WL 3365396, at *2 (D.P.R. June 16, 2016).

In this case, it is undisputed that defendants have failed to satisfy the terms and conditions of the mortgage note. The note also states that if defendants enter default, DLJ may require the immediate payment of the principal that has not been paid and all of the accrued interest on that amount. *See* Docket No. 41-3. Therefore, there is no genuine issue of material fact as to defendants' liability or as to plaintiff's right to foreclose on the property and use its the proceeds from the sale to satisfy defendants' outstanding debt. Thus, Roosevelt is entitled to summary judgement.

## CONCLUSION

For the foregoing reasons, Roosevelt's motion for summary judgment is **GRANTED**, and judgment shall be entered ordering the defendants' to pay plaintiff the following sums due as of October 8, 2015: $147,712.58, in principal, plus accrued interest at the rate of 6.75% per annum until full payment of the debt is made. Any claims for costs and attorneys fees may be made in a

post-judgment motion. Upon defendants' failure to pay the amount owed within thirty days of entry of judgment, Roosevelt may move for foreclosure of the property.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March, 2019.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge